**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFONZO B. SALLEY** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-2423 |
| v. | : | (MANNION, D.J.) |
| | | (BLEWITT, M.J.) |
| **MARTIN DRAGOVICH, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Pending before the court is the report of the magistrate judge to whom the above matter was referred, (Doc. 12), which recommends that the plaintiff's motions to proceed *in forma pauperis*, (Doc. 2, Doc. 7), be granted and that the plaintiff's amended complaint be dismissed with prejudice. Based upon the court's review of the record, the court will adopt the report to the extent that it recommends that the plaintiff's motions to proceed *in forma pauperis* be granted and will dismiss the plaintiff's action, although for reasons other than those set forth by the magistrate judge.

By way of relevant background, the plaintiff filed the instant action on September 20, 2013, which he titled as a "Motion for Relief from Judgment and Request for a New Trial in the Above Matter Under Extraordinary Circumstances in Accordance with Fed.R.Civ.Proc. 60(b) and All Applicable Rules." (Doc. 1). In his filing, the plaintiff referenced a 1999 civil rights complaint which ultimately proceeded on consent to a trial before Magistrate

Judge J. Andrew Smyser. See Salley v. Wakefield, Civil Action No. 1:99-0606 (Smyser, J.). The plaintiff challenged some of the evidence presented at trial, as well as determinations made by the court. Apparently, one of the main issues of concern to the plaintiff was a finding by the court that the plaintiff had not produced any medical evidence to counter medical evidence presented at trial that the plaintiff could walk, but was merely malingering. The plaintiff indicated in his filing that he was prevented from presenting any such evidence at trial, but had recently obtained such evidence. The plaintiff claimed that his appointed counsel had failed to obtain such evidence and was not prepared for trial, and that his counsel had abandoned him for purposes of appeal. Pursuant to Fed.R.Civ.P. 60(b), the plaintiff sought by way of his motion to have his previous civil rights action re-opened and to have a hearing to consider his newly acquired medical evidence.

Contrary to the apparent intent of the plaintiff, the action filed by the plaintiff was designated and docketed as a civil rights action filed pursuant to 42 U.S.C. §1983[1]. It was in this light that the magistrate judge initially screened the action under the Prison Litigation Reform Act of 1995, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). In doing so, the

---

[1] Nowhere in his filing does the plaintiff indicate that his action is being filed pursuant to §1983. Instead, he consistently indicates that he is seeking relief pursuant to Rule 60 of the Federal Rules of Civil Procedure.

2

magistrate judge issued an order on October 24, 2013, directing the plaintiff to file an amended complaint. The magistrate judge found that the plaintiff's filing had attempted to join a myriad of claims without delineating any specific constitutional claims cognizable under §1983; the plaintiff had failed to set forth the personal involvement of any of the named defendants; and that the plaintiff's complaint factually spanned the time period from 1999 through 2008 and that he could only allege §1983 claims that occurred within the appropriate two-year statute of limitations. Given all of this, the plaintiff was directed to file an amended complaint properly setting forth claims under §1983.

On November 12, 2013, the plaintiff filed an "Amended Complaint in Accordance with the Courts October 24, 2013 Order." (Doc. 11). In his "amended complaint," the plaintiff set forth several paragraphs with each naming a defendant and then alleging involvement of the individual in an assault which occurred back on February 21, 2001[2]. This alleged assault was apparently in response to the plaintiff's claims that he could not walk and suffered from some form of paralysis. The plaintiff alleges that video of the assault existed, but that his trial counsel (in the 1999 civil rights case) failed to investigate the matter and later abandoned the plaintiff on appeal. On May

---

[2]The court notes that a claim related to this incident was part of the action previously before Judge Smyser.

1, 2013, the plaintiff alleges in his amended complaint that he obtained his medical records from SCI-Houtzdale which would have proven that he had substantial injuries rendering him unable to walk at the relevant time and could have been used to contradict the assertion that he was merely malingering. In his amended complaint, the plaintiff again seeks relief pursuant to Fed.R.Civ.P. 60(b), as well as other relief, including the right to re-open his prior civil action, based on the "after discovered evidence."

On November 27, 2013, the magistrate judge prepared a second report screening the plaintiff's amended complaint under the PLRA, which is now before the court. (Doc. 12). In this second report, the magistrate judge recommends dismissal of the plaintiff's action with prejudice for a number of reasons. Initially, the magistrate judge notes that the allegations of the amended complaint are hard to follow. It is further noted that the plaintiff is seeking relief pursuant to Fed.R.Civ.P. 60(b),which his not a proper vehicle for a civil rights action. With regard to the plaintiff's reference to a prior trial and the actions of his counsel at that trial, the magistrate judge noted that "Plaintiff does not provide the Court with any detail of Plaintiff's prior court history in either civil or criminal court. The only prior case listed on the Middle District Docket regarding the Plaintiff is *Salley v. Wetzel, et al., See* 3:CV-12-

4

1515, M.D.Pa."[3]. The magistrate judge found that, to the extent the plaintiff was referring to his prior criminal action, the plaintiff must file a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Thus, the magistrate judge recommended that the plaintiff's requests for relief that the court determine that the plaintiff was abandoned by counsel in a prior court proceeding, appoint counsel in his case, allow the plaintiff to establish a record for further appeals, grant the plaintiff's right to seek relief in state court for his negligence claim and re-open a prior civil complaint be dismissed with prejudice as they are not proper constitutional claims that can be raised in a §1983 action.

The magistrate judge went on to state that, even if the plaintiff had properly alleged a §1983 claim, he had again failed to allege claims within the appropriate two-year statute of limitations. Therefore, it was recommended that any constitutional claims be dismissed with prejudice as being time-barred.

Finally, because the plaintiff had already been given a chance to amend his complaint, the magistrate judge recommended that dismissal of the

---

[3]A search of CM/ECF revealed the 1999 case filed by the plaintiff which ultimately went to trial before Judge Smyser. The court notes that an initial search using the plaintiff's full name did not reveal any information with respect to the prior civil rights case referenced by the plaintiff before Judge Smyser because the docket incorrectly listed the plaintiff's first name as "Alfonso," as opposed to "Alfonzo." However, a search using only the plaintiff's last name revealed this information.

complaint in its entirety be with prejudice.

On December 12, 2013, the plaintiff filed objections to the magistrate judge's report, again claiming abandonment by counsel and asking the court to consider his after-acquired evidence. (Doc. 13).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, the plaintiff has not objected to the magistrate judge's recommendation that his motions to proceed *in forma pauperis* be granted. The court finds that there is no clear error on the face of the record with regard to this recommendation and it will therefore be adopted.

The plaintiff has objected to the recommended dismissal of his action. While the court will dismiss the plaintiff's action with prejudice, it will do so for reasons other than those set forth by the magistrate judge. To this extent, it is apparent to this court that the plaintiff is not attempting to bring forth a new civil rights action, but is instead trying to obtain relief from the judgment entered in the 1999 civil rights case which went to trial before Judge Smyser. The plaintiff nowhere in his filings references his desire to bring a §1983 action and, instead, consistently references Rule 60 of the Federal Rules of Civil Procedure and, specifically, Rule 60(b), which deals with grounds for relief from a final judgment. It is further apparent that the plaintiff is attempting to use his "newly acquired" medical records as the basis of his motion. Pursuant to Fed.R.Civ.P. 60(b)(2), the court may relieve a party from a final judgment in light of newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Although the plaintiff claims to have newly acquired evidence in the form of medical records obtained in May of 2013, the medical records are dated from the period of 1998 and 1999. Even if counsel were ineffective, as the plaintiff claims, the plaintiff has not presented any reason why he could not have requested his own medical records prior to May of 2013.

Moreover, [Fed.R.Civ.P. 60(c)](#) provides that, if a motion is being made for the reasons set forth in 60(b)(2), a motion under Rule 60(b) must be made no more than a year after the entry of the judgment at issue. The judgment entered in the plaintiff's prior civil rights case was entered by the Clerk on June 5, 2003, See Civil Action No. 1:99-0606, Doc. 259. The plaintiff's motion is therefore clearly untimely and will be dismissed.

On the basis of the foregoing, an appropriate order shall issue.

       s/ *Malachy E. Mannion*
       **MALACHY E. MANNION**
       **United States District Judge**

**Date:  July 28, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2423-01.wpd